UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JULIAN SHULMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMAZON.COM.KYDC LLC, et al., ) <br> ) <br> Defendants. ) <br> ) | No. 5:13-CV-05-DLB-REW <br><br> RECOMMENDED DISPOSITION[1] |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court considers the Amazon Defendants' motion for sanctions and costs. DE #27 (Motion). Specifically, Defendants seek Rule 37(b) sanctions, including dismissal, for Shulman's alleged violations of court orders. Shulman responded in opposition (DE #56), and the Amazon Defendants replied. DE #58 (Reply). The Court continues to recommend only a preclusive sanction. The motion and filings do not warrant dismissal or any further monetary award against Shulman

### I.    Relevant Procedural and Case Facts

*Pro se* Plaintiff, Julian Shulman, alleges violations of the Americans with Disabilities Act, the Kentucky Civil Rights Act, the Employment Retirement Income Security Act, and breach of implied contract of continued employment. Per the Complaint, Shulman worked at Amazon from February 2008 until July 2011. DE #1-1 (Complaint) at 2, ¶ 1. In March 2011, Plaintiff was diagnosed with arthritis of the feet and ankles, *id.* ¶ 3, and, at some point, Amazon placed him on disability leave for

---

[1] The Court issues this recommended disposition pursuant to the referral at DE #28.

1

approximately two months. Shulman returned to work on half-shifts (with his other shifts covered by intermittent FMLA leave) for some period of time but, due to continued pain, Shulman eventually sought "additional or alternate accommodation." *Id.* at 3, ¶ 14. Amazon terminated Shulman in July 2011. *Id.* ¶ 15. Shulman filed suit in Fayette Circuit Court in December 2012, and the Amazon Defendants timely removed the case in January 2013.

The instant motion follows a challenging procedural history, which the Court briefly recounts. Judge Forester issued the original scheduling order on August 29, 2013. DE #12. On November 14, 2013, the Amazon Defendants filed a motion to compel Plaintiff's tardy initial disclosures (DE #15). The Court denied the premature motion without prejudice and assigned the matter for a telephonic conference, at which Plaintiff failed to appear (DE #18). Plaintiff also did not appear at the Court's first show cause hearing conducted on December 3, 2013. The Court warned Plaintiff that further non-participation would likely result in sanctions, including dismissal. DE #20 (Minute Entry). Shulman appeared at the final show cause hearing on December 13, and stated his intent to continue prosecuting the case. DE #23 (Minute Entry). At that time, the Court ordered Plaintiff to "provide Defendants with a full and compliant Rule 26(a)(1) disclosure" by December 20, 2013. *Id.* The Court further advised: "Plaintiff must take note that omission of any information required to be in the disclosure will result in the Court precluding Plaintiff from subsequent use of such information in the case." *Id.* ¶ 2. As a result of Plaintiff's noncompliance to that point, the Court awarded monetary sanctions to mitigate any prejudice to Defendants. The Court warned Shulman that

further violative conduct could imperil pendency of the case. DE #23 (Minute Entry) at ¶ 6.

The Amazon Defendants deposed Shulman on January 8, 2014. DE #25 (Notice and subpoena *duces tecum*). Defendants filed the instant motion on February 7, 2014. Plaintiff filed a "notice of defect in service and motion/request for additional time to respond" on March 7 (DE #31). The Court granted Plaintiff's motion at the April 7, 2014 status conference and directed a response by April 11. Shulman timely responded (DE #56), and Amazon replied. DE #58 (Reply). Defendants' motion stands ripe for review.

**II.    Analysis**

Defendants seek sanctions and attorneys' fees for six alleged order violations[2]:

(1) Shulman served allegedly incomplete and noncompliant initial disclosures;

(2) Shulman admitted that he did not read the subpoena *duces tecum* Amazon served by email;

(3) Shulman failed to produce the records identified in the subpoena *duces tecum*;

(4) Shulman violated Rule 30 by improperly refusing to answer questions during his deposition;

(5) Shulman did not disclose any documents allegedly located in Wisconsin; and

(6) Shulman did not access and review for pertinent documentation his father's storage locker in Lexington.

---

[2] As Defendant specifically deny relying on any potential Rule 11 argument, DE #27-1 (Memorandum) at 9, the Court does not consider Defendants' allegations about case merits.

DE #27-1 (Memorandum) at 4-7. Citing *Mulbah v. Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001), the Amazon Defendants contend that sanctions, specifically dismissal, are appropriate.

Federal Rule of Civil Procedure 37(b)(2) authorizes a variety of sanctions for failure to obey a discovery order. *See generally* Fed. R. Civ. P. 37(b)(2). While Defendants suggest that Plaintiff's conduct (as described in the 6 alleged violations) is sufficient for dismissal, the Court does not find dismissal warranted. *Mulbah* provides four factors for a court to consider when evaluating whether to dismiss a case for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the party prejudiced the adversary; (3) whether the Court warned the party that dismissal could be an option; and (4) whether the Court considered or imposed less drastic sanctions. *Mulbah*, 261 F.3d at 589. "[D]ismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 642 (6th Cir. 2005) (internal quotation marks and citations omitted). The Sixth Circuit defines contumacious, in accordance with *Webster's Third New International Dictionary*, as "perverse in resisting authority" and "stubbornly disobedient." *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008).

Amazon does not establish a violation of significance and certainly does not justify the harsh sanction of dismissal. The Court notes that this case began badly for Shulman, and he showed up at the final show-cause hearing in December with the action hanging by a thread. Since then, however, Shulman has appeared at all hearings, has

4

actively engaged in discovery and motion practice, and has demonstrated a clear intent to go forward. Whether Shulman's case has any merit is far from clear. Amazon has litigated, it seems, with an eye toward convincing the Court to impose the ultimate sanction, dismissal, but the motion and circumstances do not warrant the relief sought.

First, the Court is not convinced that Shulman has further violated any court orders since the final show cause hearing. This is a predicate to the motion, which seeks to build on the Court's admonition in the December order (DE #23) against further order violations. Plaintiff is *a pro se* litigant. Although Shulman must follow the rules, the Court also much interpret Plaintiff's papers with greater liberality than attends a represented party. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

   a. Amazon complains that Shulman's Rule 26(a)(1) disclosure was incomplete. It is true that Shulman nominally withheld names of certain co-workers citing a concern over possible retaliation. He later claimed he intends to use such co-workers only for rebuttal proof if Amazon relies on its production system in defense of the case. The Court has already dealt with the effect of any noncompliance in this area. Plaintiff may not use any witness in his case-in-chief that he did not list on the Rule 26(a)(1). The disclosure was his last chance to avoid that sanction.

   The Court likely would have forced Shulman to identify by name[3] any persons he potentially would call for proof about Amazon's systems. Amazon has not requested that relief. Conceptually, then, Shulman did not identify alleged rebuttal witnesses, and Rule 26(a)(1) does not require that a party name such persons in that disclosure.

   b. The Court rejects all theories of noncompliance premised on the subpoena Amazon nominally served on Shulman. Amazon attempted to blend a party-deposition with a subpoena as to Shulman. Thus, it served a subpoena by email with Shulman's deposition notice on December 29, 2013 (in advance of a January 8, 2014 deposition).

---

[3] He did say at deposition that he meant all of his Amazon shift and contract co-workers. DE #27-2, at 92. The Court does not know the size of this pool.

The Court has expressed its concern with subpoena use party-to-party. DE #54 (Minute Entry). Rule 45 does not textually forbid party usage, but the discovery suite is an integrated set of standards and attempting to have a subpoena act as the vehicle for party document production or inspection complicates the regular protocol, the orderly discovery process, questions of timing, and questions of procedure. Rule 34 is a defined mechanism for inter-party document discovery. Rule 45 obviously, *see* Rule 34(c), principally addresses non-party discovery. Many cases recognize the tension inherent in party use of Rule 45 relative to another party. *See Peyton v. Burdick*, No. 07-CV-0453, 2008 WL 880573, at *1 (E.D. Cal. Mar. 31, 2008) (collecting cases on whether a Rule 45 subpoena is proper to obtain documents from a party and stating: "A majority of courts hold that the use of a Rule 45 subpoena constitutes discovery, thus a party employing a FRCP 45 subpoena to obtain discovery from a party to an action must also comply with the time constraints and other requirements applicable to other methods of formal discovery." (citation omitted)); *Dixon v. 24th Judicial Dist. Ct.*, No. 12-3026, 2013 WL 4517932 (E.D. La. Aug. 23, 2013) (collecting cases and noting: "A Rule 45 subpoena is an improper vehicle through which to request documents from an opposing party as it circumvents the time to produce documents allowed under Rule 34.")

Here, even if Amazon's subpoena[4] to Shulman was proper as a mechanism, Amazon has failed to show propriety of process and service. The document plainly omitted required text under Rule 45(a)(1)(A)(iv). More significantly, Amazon has not demonstrated personal service on Shulman; the lawyer to litigant electronic service is not what Rule 45(b)(1) requires. *See S.E.C. v. Art Intellect, Inc.*, No. 2:11-CV-357, 2012 WL 776244, *3 (D. Utah Mar. 7, 2012) ("A subpoena under Rule 45 is not properly served by email or fax[.]"); 9A Wright, Miller, Kane, Marcus, & Steinman, *Federal Practice and Procedure* § 2454 ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required."). Finally, Amazon does not indicate that it tendered to Shulman the witness fee and mileage required under Rule 45(b)(1) (another problematic wrinkle when considering a party subpoena). *See Hazelwood v. Webb*, No. 4:06-CV-P107-M, 2007 WL 2815583, at *2 (W.D. Ky. 2007) ("Failure to tender fees and mileage renders the subpoena invalid and frees the witness of any obligation to attend."); Wright, et al., *supra*, § 2454 ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena."). Per Rule 45(g), only disobedience of a properly served subpoena can lead to a sanction.

---

[4] The Court also has concern over the treatment of a subpoena as equivalent to a Rule 37(b)(2) "order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). That sub-rule does not cross-reference Rule 45. A Rule 45 subpoena typically originates with counsel, and the rule has its own enforcement mechanism distinct from Rule 37. Thus, Rule 45(g) implements a contempt-based model for unjustified disobedience to a subpoena or, significantly, "an order related to it."

For these foundational reasons, the Court treats the subpoena itself as a nullity. Shulman's failure to read or obey that forceless document will not be a basis for sanctions. Again, it is notable that Amazon has not sought the assistance or intervention of the Court in securing any documents; rather, Amazon trumpets alleged violations and seeks only dismissal and sanctions.[5]

c. Shulman did not violate a court order when he refused to give telephone numbers for his friend and sister. Again, the only order before the Court is that from the final show cause hearing. Shulman did not name his sister or friend as witnesses in the case. At deposition, Amazon's counsel aggressively sought contact information for the women, stridently asserting a "right" to the information. This is not a forgone conclusion, since Shulman did not list the women on his initial disclosures. Further, he did give a home number for his sister and simply withheld the cell number (because his sister was on her honeymoon at the time). The Court expects that contact information for a person currently in a close or family relationship with Shulman would be discoverable (given the damage claims and Rule 26 scope), but withholding the numbers does not violate any existing order. Amazon apparently decided to drop the matter because it has not sought the information by motion or other vehicle.

d. The Wisconsin and Lexington record issue is unclear. The deposition suggests that Shulman may have other documents related in some way to his case. The disclosure cited certain documents in storage in Wisconsin and Lexington. Again, the issue comes down to what Rule 26(a)(1) requires and what may be discoverable. The disclosure applies to documents that Shulman "may use" to support his claims. The Court, as already ordered, will not let him use something he should have disclosed. Of course, if Amazon wanted access to

---

[5] The Court must note that Amazon presents a difficult comparative record on which to seek the harsh penalty of dismissal. Shulman has had his problems in the case, but outside of the late 2013 time frame, he has actively engaged in the litigation process. Though Amazon is highly critical of Plaintiff's approach, Amazon also has, at times, acted outside court order (twice filing procedurally improper discovery motions, DE ##15, 50) and outside the requirements of the rules (improperly serving a facially incomplete subpoena and not demonstrating tender of required fees). Further, the Court doubts Amazon's dramatic statements about prejudice. As its first deposition notice indicates, Amazon originally planned to depose Shulman with only the Rule 26(a)(1) disclosures, and no documents, in hand. Thus, it did not need the documents to avoid a wasted deposition. Since that deposition, Amazon has focused, at least before the Court, on trying to justify dismissal as a sanction, not on efforts to gain access to information it needs to defend this case. Amazon's characterizations of prejudice related to subpoena and discovery compliance thus are somewhat unconvincing. The defense has not presented the Court with even one category of documents it yet requires, and discovery now is closed.

such undisclosed materials, or otherwise to probe for documents helpful to the defense, it had the right to do so in discovery. A compliant discovery request would have required Shulman to search for responsive documents; the Court simply is not convinced that Amazon made such a request.

The Court does not, on this record, recommend dismissal. "Dismissal is the sanction of last resort." *Beil v. Lakewood Eng. & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Shulman did get off to a rocky start in the case, and further noncompliance in late 2013 or early 2014 would likely have led the Court to recommend dismissal. However, the tenor of the case changed; Shulman actively participated, as evidenced by the taking of depositions, participating in hearings, and responding to the instant motion. Further, the Court has remedied any defects in service that previously plagued the matter. *See* DE #54 (Minute Entry addressing service). Nothing in the record suggests that Shulman has, in the interim, acted in bad faith or stubborn disobedience. Defendants show no "delay or contumacious conduct" that would otherwise suggest dismissal is appropriate. *Smith v. Nationwide Mut. Fire Ins. Co.*, 410 Fed. App'x 891, 895 (6th Cir. 2010). Giving Shulman the interpretive leeway afforded a *pro se* litigant, and in light of the overall case record, especially Shulman's active participation in 2014, there is simply not cause for the sanctions Amazon seeks.

### III. Conclusion

Accordingly, the Court **RECOMMENDS** that, except as stated, the District Court **DENY** Defendants' motion for sanctions (DE #27). Specifically, and pursuant to Rule 37(c), the Court should preclude Shulman from using any non-impeachment information not disclosed in his Rule 26(a)(1)(A) initial disclosures. The Court should **DENY** the balance of the motion and **NOT** dismiss the case. Defendants have not shown conduct

sufficient to justify dismissal or further sanctions. The recommendation reached, and merits of the arguments, also foreclose any fee award.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 17th day of June, 2014.

Signed By:
Robert E. Wier  *REW*
United States Magistrate Judge