# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

**CIVIL ACTION NO. 13-5-DLB-REW**

**JULIAN SHULMAN**                                                                               **PLAINTIFF**

**vs.**                     **<u>MEMORANDUM ORDER</u>**

**AMAZON.COM.KYDC LLC, et al.**                                        **DEFENDANTS**

*******************

## I. Introduction

This matter is before the Court on Magistrate Judge Robert E. Wier's Recommended Disposition (Doc. # 64) of Defendants' Motion for Sanctions (Doc. # 27). Defendants having filed specific Objections thereto (Doc. # 65), and Plaintiff having responded (Docs. # 67 and 68), this matter is now ripe for the Court's review. For reasons set forth herein, Defendants' Objections are **denied** and Judge Wier's Recommended Disposition is **adopted** as the findings of fact and conclusions of law of this Court.

## II. Factual and Procedural Background

In December 2012, Plaintiff Julian Shulman filed this *pro se* action against his former employer, the Amazon Defendants, alleging violations of the Americans with Disabilities Act, Kentucky Civil Rights Act and Employee Retirement Income Security Act. (Doc. # 1-1). Plaintiff also complained that Defendants breached the implied contract of continued employment. (*Id.*).

1

On August 29, 2013, the district court entered its Scheduling Order, setting forth general deadlines for the parties and referring all discovery issues to Judge Wier for resolution. (Doc. # 12). Plaintiff failed to make his initial disclosures by the prescribed deadline, prompting Defendants to file a Motion to Compel Disclosures. (Doc. # 15). Judge Wier denied Defendants' Motion as premature and set this matter for a phone conference, at which Plaintiff failed to appear. (Docs. # 17 and 18). Plaintiff was also absent at a subsequently scheduled show cause hearing. (Doc. # 20). At this juncture, Judge Wier indicated that further absences would likely result in sanctions, up to and including dismissal of this action. (*Id.*).

Plaintiff appeared at a second show cause hearing on December 13, 2013 and stated his intent to continue prosecuting this case. (Doc. # 23). After impressing upon Plaintiff the importance of reading filings and appearing at proceedings, Judge Wier ordered Plaintiff to provide Defendants with full and compliant Rule 26(a)(1) disclosures on or before December 20, 2013. (*Id.*). He further stated that Plaintiff would be precluded from using undisclosed information at future proceedings. (*Id.*).

At this hearing, Judge Wier also stated his intent to award sanctions "designed to address and prevent prejudice to Defendants from Plaintiff's conduct." (*Id.*). He reviewed Defendants' Report of Expenses and Attorneys Fees and ordered Plaintiff to submit the sum of $3,681.75 to Defendants. (Docs. # 26 and 29). Plaintiff objected to the financial award and Defendants filed a timely response. (Docs. # 38 and 44). This Court reviewed the filings, found that Judge Wier's Order was reasonable, and denied Plaintiff's Objections. (Doc. # 61).

As the Court considered the monetary sanctions issue, the parties directed their efforts towards discovery. Plaintiff emailed Defendants his Rule 26(a)(1) disclosures on the prescribed date, although he "omitted from the list of names. . . any non-management current employees of [Amazon]," citing concerns about retaliation. (Doc. # 27-3). Defendants also took Plaintiff's deposition on January 8, 2014. (Doc. # 25). However, this progress ground to a halt on February 7, 2014, when Defendants filed the Motion for Sanctions currently before this Court. (Doc. # 27). After requesting and receiving an extension of time, Plaintiff filed his response within the revised deadline and Defendants filed a timely reply. (Docs. # 30, 54, 56 and 58). In accordance with the district court's Referral Order, the Motion was then submitted to Judge Wier for the preparation of a report and recommendation. (Doc. # 28).

In his Recommended Disposition, Judge Wier acknowledged that this case began badly for Plaintiff, who "showed up at the final show-cause hearing in December with the action hanging by a thread." (Doc. # 64 at 4). However, Judge Wier also noted that Plaintiff had actively participated in the litigation since then. (*Id.*). Having reviewed Defendants' allegation of further discovery violations, bearing in mind the leeway afforded to *pro se* plaintiffs, Judge Wier did not believe that dismissal was warranted. (*Id.*). Instead, he found preclusive sanctions to be an adequate remedy for any discovery violations committed by Plaintiff. (*Id.*).

Defendants now ask this Court to disregard Judge Wier's Recommended Disposition and impose the ultimate sanction of dismissal, to be accompanied by an award of attorney's fees. First, Defendants argue that Judge Wier should have held Plaintiff responsible for violating the Court's Order and/or the applicable civil rules in the following

3

ways: (1) failing to provide compliant initial disclosures; (2) failing to provide relevant documents allegedly located in a Lexington storage locker; (3) refusing to respond to Defendants' request for witness information at his deposition; and (4) failing to read and comply with Defendants' subpoena *duces tecum*. Defendants also take issue with Judge Wier's "charitable" characterization of Plaintiff's conduct and simultaneous criticism of Defendants' litigation tactics and discovery strategies. Finally, Defendants complain that the Recommended Disposition erroneously presented the facts of this case as though all allegations contained in Plaintiff's Complaint were true.

## III.     Analysis

### A.     Standard of Review

The Sixth Circuit generally views the resolution of a motion for sanctions, costs and fees as a dispositive matter. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993)(*citing Bennett v. Gen. Caster Serv. of N. Gordon Co., Inc.*, 976 F.3d 995, 999 (6th Cir. 1992)). Accordingly, the magistrate judge may only issue a report and recommendation regarding sanctions. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The magistrate judge must conduct the necessary proceedings and enter a recommended disposition in a timely manner. Fed. R. Civ. P. 72(b)(1). Once the parties are served with a copy of the recommended disposition, they have fourteen days to "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Once such objections are filed and briefed, the district court judge must review the contested portions of the recommended disposition *de novo*. Fed. R. Civ. P. 72©. The district court "may accept, reject or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." *Id.*

### B. Factors for Dismissal as a Sanction

When deciding whether dismissal is an appropriate sanction for discovery violations, courts should consider the following four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997). Because dismissal is a harsh sanction, courts should only impose it in extreme situations. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 642 (6th Cir. 2005)(internal citations omitted).

#### 1. Nature of the plaintiff's conduct

With regard to the first factor, the plaintiff's conduct must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *See Wu*, 420 F.3d at 643. *Compare Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 592 (6th Cir. 2001)(finding that the record lacked evidence showing that plaintiff had either failed to respond to discovery requests or acted in contempt of a court order compelling cooperation with such requests) *with Harmon*, 110 F.3d at 368 (affirming dismissal of case due to plaintiff's "stubbornly disobedient and willfully contemptuous" conduct, as evidenced by his failure to respond to discovery requests and motions to compel for a year, failure to comply with court orders and failure to respond to a motion to dismiss even when given an extension).

5

In his Recommended Disposition, Judge Wier considered each of Plaintiff's alleged violations and found that Defendants failed to establish any of significance, if at all. Noting that a serious misconduct is a necessary predicate to dismissal or other severe sanctions, Judge Wier concluded that such measures were not warranted in this case. To the extent that Plaintiff may have committed minimal discovery violations, Judge Wier stated that Plaintiff would be precluded from using undisclosed information at future proceedings. As Defendants raise several Objections relating to this factor, the Court will review them all in turn.

### a. Plaintiff's alleged failure to provide initial disclosures

Rule 26(a)(1) requires the parties to exchange initial disclosures without awaiting a discovery request. Each party must include the following items: (1) names, addresses and contact information for all individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (2) copies–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (3) a computation of each category of damages claimed by the disclosing party; and (4) any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action. Fed. R. Civ. P. 26(a)(1).

At the second show cause hearing, Judge Wier ordered Plaintiff to make compliant initial disclosures by December 20, 2013. (Doc. # 23). Plaintiff disclosed the names and contact information for most individuals with discoverable information in timely fashion via

6

email, but noted that non-management employees were omitted from the list because he feared possible retaliation. (Doc. # 27-3). When pressed to provide those identities at his deposition, Plaintiff clarified that these witnesses would be used for impeachment purposes only. (Doc. # 27-2 at 94).

Defendants take issue with Plaintiff's failure to identify the "non-management employees" with any further specificity, arguing that this description failed to meet the requirements of Rule 26(a)(1) and violated Judge Wier's December 13th Order. After reviewing the record, the Court concurs with Judge Wier that Defendants have not necessarily established a discovery violation. Rule 26(a)(1) does not require litigants to disclose the identities of individuals to be called for impeachment purposes only. If Plaintiff truly intends to call these individuals for such a limited purpose, as he stated at his deposition, then he has not violated either the civil rules or Judge Wier's Order by failing to disclose their identities and contact information. If Plaintiff attempts to use these witnesses for anything more, Judge Wier recommends that preclusive sanctions be imposed to prevent him from doing so.

Plaintiff's December 20th disclosure also lists several documents, such as his termination letter, right to sue letter and written notice to preserve employment records, which are in storage in Lexington and Wisconsin. (Doc. # 27-3 at 2-3). During his last trip to Wisconsin, Plaintiff did obtain copies of his right to sue letter and short-term disability documentation, which he gave Defendants at his deposition. (Doc. # 27-2 at 56-57). However, Plaintiff acknowledged that he had not searched the Lexington storage locker for relevant documents, nor had he brought back boxes of records from his last trip to Wisconsin. (Doc. # 27-2 at 56-57 and 123-25).

Defendants complain that Plaintiff violated Rule 26(a)(1) by failing to provide relevant documents constitutes a violation of Rule 26(a)(1). Again, the Court is not convinced that this is so. The record indicates that Plaintiff did give Defendants a copy of his right to sue letter, which was the only listed document stored in Wisconsin. (Doc. # 27-2 at 56-57). While Plaintiff admitted that Defendants may find other documents stored in Wisconsin useful, he did not list any other documents on his initial disclosures. As Judge Wier pointed out, Defendants certainly had the opportunity to make discovery requests if they wished to access other documents stored in Wisconsin. (Doc. # 64 at 7). It seems that Plaintiff did not provide copies of listed documents stored in Lexington, but the Court sees no reason to go beyond Judge Wier's recommended preclusive sanctions. That way, Plaintiff may not use documents that he failed to provide in the future. If Defendants wished to view any other documents stored in Lexington, they again had the opportunity to file discovery requests for that information. In short, the Court agrees with Judge Wier that any discovery violations committed by Plaintiff can be adequately addressed with a preclusive sanction.

### b. Plaintiff's deposition behavior

Federal Rule of Civil Procedure 30 governs depositions by oral examination. Generally, "[t]he examination and cross-examination of a deponent [must] proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). A deponent is required to answer all questions put to them, except "when necessary to preserve a privilege, to enforce a limitation directed by the court, or if the deposition is being conducted in bad faith." *See Ferrell v. Sparkman*, No. 4:06-cv-7, 2007 WL 172516 at *2 (E.D. Tenn. Jan. 18, 2007). If any person "impedes, delays or frustrates the fair examination of a deponent," the court may impose sanctions, including reasonable

8

expenses and attorney's fees incurred by any party. Fed. R. Civ. P. 30(d)(2).

During Plaintiff's deposition, Defendants repeatedly asked him to provide phone numbers for his girlfriend and sister. (Doc. # 27-2 at 10-12). While Plaintiff gave Defendants his sister's home number, he refused to give out her cell phone number because she was on her honeymoon. (*Id.*). When Defendants pressed Plaintiff, he promised to provide the information once he contacted his sister. (*Id.*). Defendants encountered similar difficulties when asking for a cell phone number for Plaintiff's girlfriend, with whom he resides in London, Kentucky. (*Id.*).

Defendants characterize this episode as a Rule 30 violation. This does not strike the Court as a refusal to answer within the meaning of the rule, as Plaintiff did give Defendants a home phone number for his sister and a home address for his girlfriend. (*Id.*). He further promised to give Defendants the requested cell phone numbers once he had notified his sister and girlfriend that they may be contacted. (*Id.*). Nor can Defendants claim that this is a violation of Rule 26(a)(1) or Judge Wier's Order. As Judge Wier pointed out, this information may be discoverable, but neither woman was listed as a witness in Plaintiff's initial disclosures and Defendants did not otherwise request this information. Therefore, Defendants' "right" to this information is not a foregone conclusion.

### c. Plaintiff's disregard for the subpoena duces tecum

Rule 45's text does not forbid a party from serving a subpoena *duces tecum* on another party. However, it seems that this rule applies primarily to non-parties, while Rule 34 applies to document production between parties. For one thing, Rule 34 repeatedly refers to exchanges between parties. Secondly, Rule 34 refers the reader to Rule 45 if he or she seeks documents from non-parties: "As provided in Rule 45, a nonparty may be

9

compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34©. Case law supports the Court's parsing of the Federal Rules:

> Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45.

*Stokes v. Xerox Corp.*, Civ. A. No. 05-cv-71683-DT, 2006 WL 6686584 at *3 (E.D. Mich. Oct. 5, 2006)(*quoting* 7 Moore's Federal Practice § 34.02[5][e] (3d ed.)).

On December 29, 2013, Defendants noticed Plaintiff's deposition and served him with a subpoena *duces tecum* via email. (Doc. # 25). Defendants acknowledge that use of such a subpoena was unusual, but maintain that Plaintiff's prior non-compliance made this step necessary. In support of this proposition, Defendants point out that they previously cancelled Plaintiff's deposition because he failed to provide initial disclosures. (Doc. # 16). At the December 13th show cause hearing, Judge Wier ordered Plaintiff to make initial disclosures by December 20th and scheduled his deposition for January 8th. (Doc. # 23). When Plaintiff provided incomplete initial disclosures, Defendants were put in an "untenable" position because they "were left with 18 days prior to deposition and no documents." (Doc. # 65 at 9).

Defendants argue that Judge Wier improperly considered the questionable use of interparty subpoenas because neither party raised that issue in the briefing. The Court disagrees, as it is unwilling to impose severe sanctions on Plaintiff without ensuring that he disregarded a properly issued subpoena. In fact, the Court concurs that the subpoena *duces tecum* was not the proper vehicle for Defendants' discovery request because they sought to obtain documents from another party. Defendants attempt to justify this

10

maneuver by arguing that exceptional circumstances existed, but they do not explain why Rule 34 was inadequate to accomplish their purpose. While Judge Wier did deny Defendants' Motion to Compel Initial Disclosures, he did so because he believed the Motion to be premature. (Doc. # 17). Moreover, he denied the Motion without prejudice. (*Id.*). Therefore, the Court is not convinced that the subpoena was necessary when Defendants could have filed another Motion to Compel, which would have accomplished the same goal without running afoul of the civil rules. The Court also echoes Judge Wier's observation that Defendants may not have been in such a dire spot, as they originally planned to depose Plaintiff without documents in hand. (Doc. # 64 at 7, n. 5).

Defendants then take issue with Judge Wier's determination that the subpoena was defective because it omitted text required by Rule 45(a)(1)(A)(iv), did not include witness fees and mileage required by Rule 45(b)(1) and was not served on Plaintiff personally. Defendants believe that the service issue should not be considered because Plaintiff specifically asked for all documents to be sent to him electronically. (Doc. # 23 at 9-10). As to the omitted elements, Defendants characterize these errors as "technical defects" that should not render the subpoena forceless.

As Judge Wier points out, Defendants' compliance with Rule 45 is an important issue because the subpoena must have force for sanctions to be appropriate. Fed. R. Civ. P. 45(g). Defendants do not dispute the requirements of the rule, but rather insist that its deviations from the rule should have no effect on the subpoena's force. Here, the Court must point out that Defendants have brought every *potential* error committed by Plaintiff to the Court's attention, arguing that it is grounds for dismissal, while scrutinizing their own actions through a much more forgiving lens. The Court is not willing to be as myopic as

Defendants would like–the subpoena does not comply with Rule 45. Considering these defects in conjunction with the questionable propriety of the subpoena in the first place, the Court believes that Judge Wier's conclusions were correct.

If the Court rejects Defendants' other arguments as to the subpoena, they maintain that Plaintiff violated Judge Wier's Order by failing to read the subpoena. While Judge Wier did direct Plaintiff to read all filings, there can be no adverse consequences from Plaintiff's failure to read a forceless document. (Doc. # 23). Because this Court has already found the subpoena to be forceless, it agrees with Judge Wier that "[Plaintiff's] failure to read or obey a forceless document will not be a basis for sanctions." (Doc. # 64 at 7).

### d. Judge Wier's commentary on defense strategies

In his Recommended Disposition, Judge Wier states that Defendants twice "acted outside court order (twice filing procedurally improper discovery motions, DE ##15, 50) and outside the requirements of the rules (improperly serving a facially incomplete subpoena and not demonstrating tender of required fees)." (Doc. # 64 at 7, n. 5). Defendants take umbrage with this statement, as well as Judge Wier's observation that "[Defendants] ha[ve] litigated, it seems, with an eye toward convincing the Court to impose the ultimate sanction, dismissal." (*Id.* at 5). Finally, Defendants complain that Judge Wier improperly commented on their discovery decisions.

This Court has also observed that Defendants seek to penalize Plaintiff rather harshly for minor issues when they have also committed missteps. Furthermore, the record supports Judge Wier's suggestion that Defendants have litigated with dismissal in mind. After all, Defendants have expended considerable time and energy litigating the imposition of sanctions, particularly dismissal. The record reflects that Defendants have twice asked

Judge Wier to dismiss the case and twice sought other sanctions for Plaintiff's conduct. (Docs. # 20, 23, 26 and 27). As for Judge Wier's commentary on Defendants' discovery tactics, the Court finds that these observations were relevant to Defendants' arguments and supported by the record. For example, Defendants argued that unique circumstances warranted use of a subpoena *duces tecum* against Plaintiff. However, Judge Wier noted that Defendants could simply have made a discovery request or filed a motion to compel in accordance with Rule 34. (Doc. # 64 at 7, n. 5).

Defendants also suggest that Judge Wier was too charitable in reviewing Plaintiff's conduct. While Judge Wier stated that the "tenor of the case changed" when Plaintiff began participating in the proceedings, Defendants believe that the record leads to the opposite conclusion. (*Id.* at 8). Defendants recognize that Plaintiff is entitled to some leeway due to his *pro se* status, but maintain that Judge Wier has given Plaintiff too many breaks.

This argument presupposes that Defendants' allegations have merit. However, the Court has found that Plaintiff's alleged discovery violations are, at best, minimal and unworthy of such a severe sanction. This is particularly so when one considers Plaintiff's *pro se* status. Based on the record, the Court believes that Plaintiff has made significant efforts to comply with the federal rules and the Court's Orders. After appearing at the second show cause hearing and stating his intent to continue prosecuting this case, Plaintiff made his initial disclosures on the specified date, appeared at his scheduled deposition and appeared at various proceedings. (Docs. # 23, 27-2, 27-3 and 54). He has also asked for extensions, rather than simply submitting overdue documents. (Docs. # 30, 39 and 42). Compared with his complete absence from the litigation prior to December 13th, the Court

13

agrees with Judge Wier that the tenor of the case has changed.

### e. Recitation of the case facts

Lastly, Defendant contends that Judge Wier's Recommended Disposition erroneously accepts the case facts recited in Plaintiff's Complaint as true. Having reviewed the factual recitation in both the Complaint and the Recommended Disposition, the Court reads the Recommended Disposition as simply laying out Plaintiff's claims and summarizing the underlying factual allegations for purposes of providing background information. Not once does Judge Wier rely on these factual allegations in analyzing the sanctions issues. Therefore, the Court sees no reason to set aside the Recommended Disposition on this ground.

Having dispensed with all of Defendants' Objections as to this first factor, the Court concludes that there is no evidence of Plaintiff's intent to thwart judicial proceedings or reckless disregard for the effect of his conduct on the proceedings. There being no conduct worthy of dismissal, this factor definitely weighs against Defendants. Although Defendants' have not objected to Judge Wier's treatment of the remaining factors, the Court will briefly review them, reiterating that they also weigh against Defendants' position.

### 2. Prejudice to defendants

As to the second factor, "a defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 738 (6th Cir. 2008)(*quoting Harmon*, 110 F.3d at 368).

Defendants maintain that they have spent time, effort, money and resources on sorting through Plaintiff's "incomplete disclosures, processing his incomplete document production and taking incomplete deposition testimony from Plaintiff that will likely require supplementation." (Doc. # 27). As explained in detail, these alleged violations, so egregious to Defendants, are practically nonexistent from the Court's point of view. Because these violations, if any, are so minimal, the Court is not convinced that Defendants have suffered prejudice from Plaintiff's acts and omissions. In response to Defendants' statements about incomplete deposition testimony, Judge Wier shrewdly pointed out that Defendants originally planned to depose Plaintiff with only his Rule 26(a)(1) disclosures in hand, so they obviously did not need the documents to avoid a wasted deposition. (Doc. # 64 at 7, n. 5). There being no evidence that Defendants have been prejudiced by these alleged violations, the Court finds that this factor does not support dismissal.

### 3. Prior warning to plaintiff

"'[P]rior notice, or lack thereof, is . . . a key consideration' when determining whether a district court abused its discretion in dismissing a case for failure to prosecute." *Shafer*, 529 F.3d at 738 (internal citations omitted). Reviewing courts have "repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district court did not put the derelict parties on notice that further noncompliance would result in dismissal." *Id.* (*quoting Wu*, 420 F.3d at 644).

On December 13th, Judge Wier warned Plaintiff that further non-compliance would result in dismissal of this action. (Doc. # 23). While prior notice does give this Court more leeway to consider the sanction of dismissal, there still must be sanctionable conduct. Absent that, there are no grounds for dismissal. Because the Court has found no serious

discovery violations, this factor also weighs against dismissal.

### 4. Availability and propriety of alternative sanctions

Dismissal is an appropriate sanction only if the party's actions "amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Id.* While the Sixth Circuit has never held that dismissal is an impermissible first sanction, a district court should consider less drastic measures, lest reviewing courts conclude that its decision was made without appropriate forethought. *Id.*

When Judge Wier explained to Plaintiff the importance of participating in the proceedings, he also stated that any failure to disclose information would result in preclusive sanctions. (Doc. # 23). Consistent with this statement, Judge Wier recommended this particular sanction to address any of Plaintiff's missteps during discovery. This measure addresses the problem and accommodates Plaintiff's *pro se* status without putting Defendants in an unfair position or disposing of the case prematurely. Because a sufficient alternative to dismissal is available, the Court finds that this factor does not weigh in Defendants' favor.

Having conducted its *de novo* review of the Recommended Disposition, with particular attention to Defendants' Objections, the Court concurs wholeheartedly with Judge Wier's analysis and conclusions.

### IV. Conclusion

For reasons stated herein, the Recommended Disposition (Doc. # 64) is **adopted** as the findings of fact and conclusions of law of this Court and Defendant's Objections thereto (Doc. # 65) are **overruled**.

This 15th day of August, 2014.



G:\DATA\ORDERS\Lexington\2013\13-cv-5 Objection to Sanctions (2).wpd